IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BEATRICE HILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  CIV-05-261-L |
| ) | |
| THE CITY OF OKLAHOMA CITY, ) | |
| a Political Subdivision of the ) | |
| State of Oklahoma, ) | |
| ) | |
| Defendant. ) | |

## O R D E R

In this action removed from state court, plaintiff Beatrice Hill has sued the City of Oklahoma City ("City") alleging violations of her Fourteenth Amendment Right of Equal Protection (First Cause of Action) and Fourteenth Amendment Right of Due Process (Second Cause of Action), as well as a claim for Breach of Contract (Third Cause of Action).  *See* Amended Petition, filed February 14, 2005 in the District Court of Oklahoma County, State of Oklahoma, Exhibit 1 to Defendant's Notice and Petition for Removal.

Plaintiff, a former City employee, alleges that she was terminated from her employment with the City without just cause as required by the collective bargaining agreement ("CBA") between the City and the American Federation of State, County and Municipal Employees ("AFSCME") Union, Local 2406, AFL-CIO.  Plaintiff states that she was a member of the AFSCME union.  This matter is before the court on the City's Motion to Join AFSCME Local 2406 as a

Necessary Party [Doc. No. 13].

City's motion is brought pursuant to Fed. R. Civ. P. 19(a), which states in part:

> **(a) Persons to be Joined if Feasible.**  A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.  If the person has not been so joined, the court shall order that the person be made a party. . . .

City argues that because plaintiff is seeking not only monetary relief, but also access to the arbitration provision in the CBA, joinder of AFSCME is feasible because the type of relief requested cannot be obtained without the participation of AFSCME as her bargaining agent.  According to the City, AFSCME and the City negotiated the grievance procedure and time limitations set forth in the CBA and are its sole signatories.  City states: "A determination by this Court may directly affect the negotiated procedures and precedent set forth in the CBA and therefore, it is imperative that AFSCME be joined as a party to this lawsuit to protect the negotiating process and the agreement AFSCME made on behalf of its members who are not parties to this action."

In her two page Response to Defendant's Motion to Join AFSCME as a Necessary Party, plaintiff objects to the joinder of AFSCME, stating that AFSCME is not trying to impede the arbitration process but is actually trying to obtain arbitration proceedings for plaintiff. According to plaintiff, in circumstances where the member of the union and the union have reached such an agreement, the union member need not sue both the employer and the union. To support this contention, plaintiff cites Webb v. ABF Freight System, Inc., 155 F.3d 1230 (10th Cir. 1998), *citing* Del Costello v. International Board of Teamsters, 462 U.S. 151 (1983). Plaintiff does not otherwise dispute the authorities relied upon by the City in support of joinder under Rule 19(a).

The court has reviewed the authorities cited by plaintiff and initially notes that the type of suit authorized in Del Costello and discussed in Webb is called a "hybrid" action under 29 U.S.C. § 185 (a) (also known as § 301 of the Labor Management Relations Act of 1947). *See* Webb, 155 F.3d at 1237-38. A hybrid action combines two conceptually independent causes of action, the first against the company (employer) for breach of the contract, and a second against the union for breach of the duty of fair representation. Id. at 1238. To prevail against a former employer in a hybrid action, the plaintiff must prove three elements: (1) some conduct by the worker's union that breached the duty of fair representation; (2) a causal connection showing that the union's breach affected the integrity of the arbitration process, and; (3) a violation of the collective bargaining agreement

by the company.  Id., citation omitted.  The plaintiff in a hybrid action need not sue both his union and former employer in the same case, and he or she may choose to seek damages against only one of the potential defendants, but in any event, "the case he must prove is the same whether he sues one, the other, or both."  Id., citation omitted.

The court has reviewed plaintiff's Amended Petition, filed in state court prior to removal, and notes that it does not reference 29 U.S.C. § 185 (a) or the Labor Management Relations Act with respect to the Breach of Contract claim against the City.  In contrast, the court notes that plaintiff's original Petition filed in state court, Exhibit 4 to City's Notice and Petition for Removal, included AFSCME as a defendant and clearly stated that jurisdiction was conferred on the court by "29 U.S.C. § 158(a)" [sic].  The court notes that the Joint Status Report filed in this case does list "29 U.S.C. § 158(a)" under the jurisdictional paragraph, an apparent carryover of the misnumbered statute from plaintiff's original petition. While the court could infer from the various pleadings and plaintiff's argument in response to City's motion that she intends to bring a "hybrid" action, the court finds that the record is not clear on this point.  In fact, it seems that plaintiff deliberately avoided pleading a § 185 (a) claim against the City (only) when she filed her Amended Petition.  As noted, plaintiff's claims include two claims of deprivation of her Fourteenth Amendment rights and a Breach of Contract claim. The ramifications, if any, of plaintiff's failure to specifically plead a § 185 (a) claim

have not been briefed by the parties in connection with the joinder issue. Under the circumstances, the court finds that the parties should have the opportunity to address this issue before the court makes a final ruling on the City's Motion to Join AFSCME. **Accordingly, the parties are granted until October 24, 2005 to file supplemental briefs regarding whether and to what extent the court should consider the Amended Petition's failure to allege a "hybrid" action under 29 U.S.C. § 185 (a) in granting or denying the City's Motion to Join AFSCME as a necessary party.**

It is so ordered this 7th day of October, 2005.

*Tim Leonard*
TIM LEONARD
United States District Judge