IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BEATRICE HILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  CIV-05-261-L |
| ) | |
| THE CITY OF OKLAHOMA CITY, ) | |
| a Political Subdivision of the ) | |
| State of Oklahoma, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

In this action removed from state court, plaintiff Beatrice Hill has sued the City of Oklahoma City ("City") alleging violations of her Fourteenth Amendment Right of Equal Protection (First Cause of Action) and Fourteenth Amendment Right of Due Process (Second Cause of Action), as well as a claim for Breach of Contract (Third Cause of Action). Plaintiff, a former City employee, alleges that her termination was in violation and breach of the collective bargaining agreement ("CBA") between the City and the American Federation of State, County and Municipal Employees ("AFSCME") Union, Local 2406, AFL-CIO (the "Union") because the Union breached its duty of fair representation by failing to properly process her grievance and by acting in an arbitrary or perfunctory fashion.  The City has filed a motion to join the Union as a necessary party and has also moved for summary judgment on all of plaintiff's claims.  Plaintiff has filed a motion for partial summary judgment on the issue of whether the Union

failed in its duty to provide fair representation to her.

In support of its Motion for Summary Judgment, the City submitted a statement of material facts which were essentially undisputed by plaintiff. The undisputed facts reveal that plaintiff worked for the City as a court clerk in the Department of Municipal Courts. She was a member of the bargaining unit represented by the Union. The CBA contains a four-step grievance procedure wherein time limits are prescribed and strictly observed. Plaintiff received a notice of predetermination hearing and attended the June 18, 2002 hearing without a representative. Plaintiff was terminated on June 24, 2002 for actions and performance in violation of the City's personnel policies. Plaintiff filed a grievance with the Union on June 27, 2002 citing wrongful, unjust termination.

The undisputed facts also demonstrate that the negotiated grievance procedure is a four-step process whereby the grievant essentially appeals the discipline by presenting a grievance to his or her supervisor, then to the department head, followed by a third step hearing officer and finally the City Manager. Plaintiff's grievance was denied at each step.

Plaintiff had ninety days from the City Manager's denial, August 12, 2002, to request an arbitration panel from the Federal Mediation and Reconciliation Service ("FMCS"). The Union submitted a request for arbitration panel form on or around March 7, 2003. The form submitted by the Union had been altered to display the City's consent to the request.

The City put the Union on notice on December 9, 2002 that the ninety days had run on plaintiff's request for an arbitration panel. In light of the Union's failure to meet the deadlines set forth in the CBA, the City refused to submit the grievance to arbitration. The undisputed evidence indicates that two previous discipline-related grievances filed by plaintiff were denied as untimely by an arbitrator in July of 2002 because the time requirements in the CBA were not met.

Plaintiff filed her Petition in the District Court of Oklahoma County on October 3, 2002 but this Petition was never served on the City. The Amended Petition was filed in the District Court of Oklahoma County on February 14, 2005 and served on the City on February 16, 2005. The City removed this case to federal court on March 8, 2005.

On the basis of the undisputed facts and upon thorough review of all of the materials submitted, the court finds that the Union need not be made a party and that the City is entitled to summary judgment as a matter of law. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S. Ct. 2505, 2509, 91 L. Ed. 2d 202 (1986). The moving party bears the initial burden of showing that there is an absence of any issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106

S.Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986); Hicks v. City of Watonga, 942 F.2d 737, 743 (10th Cir. 1991).  If the moving party meets this burden, the non-moving party then has the burden to come forward with specific facts showing that there is a genuine issue for trial as to the elements essential to the non-moving party's case.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1355-56, 89 L. Ed. 2d 538 (1986); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991).  To sustain this burden, the non-moving party cannot rest on the mere allegations in the pleadings.  Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 324, 106 S. Ct. at 2553; Applied Genetics Int'l. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). The non-moving party must point to specific facts, "by any of the kinds of evidentiary materials listed in Rule 56(c), except the pleadings themselves," to avoid summary judgment.  Celotex, 477 U.S. at 324.  Such evidence includes reference to affidavits, deposition transcripts, or specific exhibits.  Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir.), *cert. denied*, 506 U.S. 1013, 113 S.Ct. 635, 121 L.Ed.2d 566 (1992).  The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court.  Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998).  Although the district court has the discretion to go beyond the referenced portions of the supporting material, it is not required to do so.  Id.

In a response to a motion for summary judgment, a party cannot rest on

ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial.  Bryant v. O'Connor, 848 F.2d 1064, 1067 (10th Cir. 1988).  The mere possibility that a factual dispute may exist, without more, is not sufficient to overcome a convincing presentation by the moving party.  Allegations alone will not defeat summary judgment.  Cone v. Longmont United Hosp. Ass'n., 14 F.3d 526, 530 (10th Cir. 1994).  Cross motions for summary judgment give rise to an inference that there is no evidence other than the pleadings and supporting instruments to be considered by the trial court.  H.B. Zachary Co. v. O'Brien, 378 F.2d 423, 425 (10th Cir. 1967).

     Although the plaintiff's suit is against the City, plaintiff's claims are based on the Union's failure to meet the deadlines for arbitration as set forth in the CBA.  Plaintiff's Breach of Contract claim against the City states that the conduct of the City "was a violation and breach of the collective bargaining agreement" between the Union, plaintiff and the City "as Local 2406 breached its duty of fair representation by failing to properly process her grievance and acting in an arbitrary or perfunctory function."  Amended Petition, ¶ 14.  Of course, plaintiff herself is not a party to the CBA.  Plaintiff submits that "applicable law" allows a third party beneficiary/employee such as plaintiff "to proceed to arbitration against the employer when the union is found to have (a) failed to properly process her grievance and (b) acted in a discriminatory, dishonest, arbitrary, or perfunctory

fashion." Plaintiff's Corrected Response to Defendant's Motion for Summary Judgment, p. 5. To support this statement, plaintiff relies on Webb v. ABF Freight System, Inc., 155 F.3d 1230 (10th Cir. 1998).

As the court has previously noted with respect to plaintiff's reliance on the Webb case, the type of suit authorized in the case of DelCostello v. International Board of Teamsters, 462 U.S. 151 (1983) and discussed in Webb is called a "hybrid" action under 29 U.S.C. § 185 (a) (also known as § 301 of the Labor Management Relations Act of 1947). See Webb, 155 F.3d at 1237-38. A hybrid action combines two conceptually independent causes of action, the first against the company (employer) for breach of the contract, and a second against the union for breach of the duty of fair representation. Id. at 1238. Although plaintiff has argued there are only two elements to her claim, the Webb case provides that in order to prevail against a former employer in a hybrid action, the plaintiff must prove three elements: (1) some conduct by the worker's union that breached the duty of fair representation; (2) a causal connection showing that the union's breach affected the integrity of the arbitration process, and; (3) a violation of the collective bargaining agreement by the company. Id. at 1239, citation omitted. The claims are "inextricably interdependent." See United Parcel Serv., Inc. v. Mitchell, 451 U.S. 56, 66-67 (1981) (Stewart, J., concurring in the judgment); see also DelCostello, 462 U.S. 151, 164-65 (1983). The plaintiff in a hybrid action need not sue both his union and former employer in the same case,

and he or she may choose to seek damages against only one of the potential defendants, but in any event, "the case he must prove is the same whether he sues one, the other, or both." Id. at 165; Webb, 155 F.3d at 1238, citation omitted.

Plaintiff's Amended Petition, filed in state court prior to removal, does not reference 29 U.S.C. § 185 (a) or the Labor Management Relations Act (LMRA) with respect to the Breach of Contract claim against the City.  Plaintiff asserts that her lawsuit is not a hybrid suit under federal law but is an action based on Oklahoma statutory and common law.  *See* Plaintiff's Reply to Defendant's Response to Motion for Partial Summary Judgment, p. 3.

Plaintiff argues that her legal theory is the same as the plaintiff's in Webb, but is not based on the LMRA. It is clear that the reason plaintiff cannot base her claim against the City on the LMRA is because the LMRA does not apply to municipalities.  The definitions section of the LMRA, 29 U.S.C. § 152, specifically exempts from the definition of employers "any State or political subdivision thereof."  The LMRA thus does not apply to the City, a political subdivision.

The City argues that because it cannot be sued in a LMRA hybrid action, the issue of whether or not the Union acted in a perfunctory manner and failed to properly represent the plaintiff is "moot."  The City also argues that because plaintiff's claim is actually a hybrid action, it should be subject to the six-month statute of limitations applicable to hybrid actions.  In this regard, the City points

out that it was never properly served with plaintiff's original Petition, which named the City and the Union as defendants and stated that jurisdiction was conferred on the court by "29 U.S.C. § 158(a)" [sic].[1]  Thus, the procedural history of this case reveals that plaintiff's original state court Petition, filed on October 3, 2003, alleged a hybrid action against the City and the Union.  However, it is undisputed that plaintiff's original Petition was never served on the City.  At some point, the plaintiff reached a settlement with the Union and released the Union from liability in this matter.  *See*  Plaintiff's Response to Court's Order to Address Joinder of AFSCME as a Necessary Party, p. 2.

On February 14, 2005, plaintiff filed her Amended Petition against the City only, avoiding any reference to federal statutes with respect to the "Breach of Contract" claim against the City.  The Breach of Contract claim is in reality, however, merely a hybrid action renamed as a Breach of Contract to avoid the fact that the LMRA does not apply to the City and to attempt to avoid the operation of the six-month statute of limitations applicable to hybrid actions.

The undisputed facts show that plaintiff was terminated on June 24, 2002, and her original Petition was filed in the District Court of Oklahoma County on October 3, 2003.  It is undisputed that the City was never served with the Petition.  Plaintiff has failed to controvert the City's evidence that it did not have knowledge

---

[1] From the substantive allegations of the Petition, it is clear that this reference is a typographical error and plaintiff meant to cite 29 U.S.C. § 185(a).

that the Petition had been filed. *See* Deposition of Monica Coleman, Exhibit 10 to Defendant's Brief in Support of Motion for Summary Judgment, pp. 14-15. Plaintiff's Amended Petition was filed on February 14, 2005 and served on the City on February 16, 2005. Therefore, over two and a half years passed before the City had notice of a suit by plaintiff.

Although plaintiff has provided the court with Oklahoma appellate court dicta which may provide a potential basis for her legal theories,[2] the court finds that none of the authorities referred to by plaintiff would allow her to take the advantageous elements of a hybrid action and to disregard its other attributes. Upon thorough consideration of plaintiff's arguments, the court agrees with the observation of the City that plaintiff should not be allowed to "take favorable parts of a hybrid action to make a claim against the City and ignore the unfavorable parts, like the six-month statute of limitations." Defendant's Response to Plaintiff's Motion for Partial Summary Judgment, p. 7. Despite plaintiff's arguments to the contrary, the court finds that her Breach of Contract claim against the City is not a straightforward contract claim and the five year statute of limitations does not apply.

The court finds that the City is entitled to judgment on plaintiff's Breach of Contract claim because it is in actuality a hybrid claim, which fails as a matter of law because the LMRA does not apply to municipalities. Even assuming for the

---

[2] Wilcoxson v. Tackett, 41 P.3d 1024, 1028 (Okla. Civ. App. 2001).

sake of argument that plaintiff could attempt to bring such a claim against the City under a breach of contract theory, the court finds that such a claim would be barred.  Because the claims against the employer and the union in a hybrid action are "inextricably interdependent," the court finds that plaintiff cannot avoid the six-month statute of limitations applicable to hybrid claims by suing only the City.  *See* Edwards v. International Union, United Plant Guard Workers of America, 46 F.3d 1047, 1052 (10th Cir. 1995).

The six month statute of limitations begins running "when the employee 'knows or in the exercise of reasonable diligence should have known or discovered the acts constituting the union's alleged violations.'" Id. at 1053, citation omitted.  Here, the court notes that plaintiff's original Petition alleges that it was on or about April 10, 2003 when she learned that the Union "had not timely filed for assignment of an arbitrator and the Plaintiff's grievance procedure had been lost due to this neglect."  Assuming, without deciding, that the April 10, 2003 date is the true date that plaintiff knew or should have known of the Union's alleged violations, there can be no doubt that the February 14, 2005 Amended Petition against the City was filed more than six months later and plaintiff's Breach of Contract claim against the City, which the court has found is in reality a hybrid claim, is therefore barred by the statute of limitations.  Therefore, the City's Motion for Summary Judgment should be granted on this claim.

In light of the court's ruling that plaintiff's claim is properly considered a

hybrid claim, the court denies the City's Motion to Join AFSCME as a Necessary Party since in a hybrid claim the plaintiff may sue either the employer or the union or both, as discussed above.

Summary judgment is also appropriate on plaintiff's Fourteenth Amendment claims. Plaintiff does not dispute that these claims are governed by Oklahoma's two year statute of limitations for personal injury actions. Meade v. Grubbs, 841 F.2d 1512, 1522 (10th Cir. 1988). The court need look no further than the Amended Petition itself to conclude that plaintiff's Equal Protection claim is time-barred. Paragraph 6 of the Amended Petition alleges that the City terminated plaintiff from employment on or about June 24, 2002. Paragraph 8 of the Amended Petition alleges that, "[i]n terminating Plaintiff, Defendant intentionally treated Plaintiff differently than others who were similarly situated." Paragraph 9 states that this conduct violated plaintiff's 14th Amendment right to the "equal protections of laws." Since plaintiff's own February 14, 2005 Amended Petition ties the alleged constitutional injury to her termination, which occurred on or about June 24, 2002, her Equal Protection claim is time-barred on its face.

Even if the court were to overlook the fact that this claim is barred, the court would agree with the City that plaintiff has failed to come forward with sufficient evidence at the summary judgment stage to show that the City treated plaintiff differently than other employees. The court has reviewed plaintiff's evidence in this regard and finds that the evidence, at most, indicates that plaintiff

"made no more clerical errors than the average employee" yet "she was terminated and other employees were not." *See* Affidavits of Jan Henderson and Helen Lube, Exhibits 1 and 3 to Plaintiff's Corrected Response to Defendant's Motion for Summary Judgment. However, as pointed out by the City, the discipline received by plaintiff was not just the result of clerical errors and includes the imposition of discipline that was not shared by those to whom plaintiff compares herself. For example, plaintiff had been reprimanded for turning in false FMLA doctor statements in order to qualify for FMLA leave. Also, a judge and prosecutor had lodged a complaint that plaintiff "failed to update a motion properly on the computer causing the improper forfeiture of bonds, confusion, and extra work by other employees." *See* Exhibit 4 to Defendant's Brief in Support of Motion for Summary Judgment.

Plaintiff's Amended Petition also appears to tie her Fourteenth Amendment Due Process claim to the date of her termination. Amended Petition, ¶¶ 10-12. To this extent, her Due Process claim would also be barred because the Amended Petition was filed more than two years after her termination. However, even if the court were to assume that this cause of action did not accrue until April 10, 2003 (the date plaintiff alleged in her original Petition that she learned that the Union had not timely filed for assignment of an arbitrator) the court finds that the City is entitled to summary judgment on this claim. Plaintiff acknowledges that she had notice and an opportunity to present her version of

the facts at her pre-termination hearing and in fact does not argue that she was deprived of pre-termination due process. However, plaintiff argues that she has not received her post-termination due process because the City has deprived the plaintiff of her right to arbitration. The court finds that plaintiff cannot prevail on a procedural due process claim because it is undisputed that she had access to the grievance procedures contained in the CBA. The Union did not request an arbitration panel in a timely manner, thereby forfeiting plaintiff's right to arbitration, but this does not result in an unconstitutional deprivation of post-termination due process. See Hennigh v. City of Shawnee, 155 F.3d 1249, 1256 (10th Cir. 1998) (grievance procedures provided by a collective bargaining agreement can satisfy a plaintiff's entitlement to post-deprivation due process).

Finally, in her response to the City's Motion for Summary Judgment, plaintiff has affirmatively stated that, contrary to the allegations of her Amended Petition, she is not seeking punitive damages against the City and is not asserting any state law claims under Oklahoma's Governmental Tort Claims Act. Accordingly, the City is entitled to summary judgment on these claims.

In summary, Defendant's Motion for Summary Judgment **[Doc. No. 23]** is **GRANTED** in its entirety. In light of this ruling, plaintiff's Motion for Partial Summary Judgment **[Doc. No. 28]** is **DENIED.** Defendant's Motion to Join AFSCME as a Necessary Party **[Doc. No. 13]** is **DENIED**, all as more fully set forth above. Judgment will issue on a separate document in accordance with the

Federal Rules of Civil Procedure.

It is so ordered this 30th day of January, 2006.

*Tim Leonard*
TIM LEONARD
United States District Judge